E-FILED
Wednesday, 29 August, 2007  11:41:35 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ASA S. LEWIS, SR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1086 |
| | ) McDade/Gorman |
| CATERPILLAR INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Caterpillar Inc. ("Caterpillar") moves to dismiss Plaintiff Asa Lewis's ("Lewis") complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (6), and Local Rule 7.1.  In support of its motion, Caterpillar states:

**INTRODUCTION**

On September 22, 2006, the Equal Employment Opportunity Commission ("EEOC") mailed Lewis a dismissal and notice of right to sue (Compl. IB7).[1]  Lewis's dismissal and notice of right to sue was sent by certified mail (Notice of Right to Sue).  On April 10, 2007, 200 days after EEOC mailed the notice of right to sue, Lewis filed a complaint against Caterpillar alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Compl. IV).[2]  Lewis waited until August 9, 2007, 121 days after filing his complaint, to serve Caterpillar with the summons and complaint (Summons).  Lewis's complaint is time-barred and must be dismissed because it: (1) was filed more than ninety days after receipt of his notice of right to sue; and (2) was served

---

[1] Lewis's complaint is cited as (Compl. __); his EEOC Charge is cited as (EEOC Charge); his notice of right to sue is cited as (Notice of Right to Sue); and his summons to Caterpillar is cited as (Summons).  All of the cited materials are part of the pleadings in this matter.

[2] Lewis's complaint was received by the Clerk for the United States District Court for the Central District of Illinois on April 10, 2007, but was not electronically filed until April 30, 2007.

more than 120 days after being filed. Consequently, Lewis's complaint should be dismissed with prejudice and judgment entered in Caterpillar's favor.

## ARGUMENT

**I.    Lewis's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6) Because His Complaint Is Untimely.**

A civil action alleging a violation of Title VII must be filed within ninety days after receipt of plaintiff's notice of right to sue. 42 U.S.C. § 2000e-5(f)(1); *see St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir. 1984). Title VII's mandatory ninety-day filing requirement is strictly enforced in this Circuit. *See Fleming v. Alcoa Building Products*, 820 F. Supp. 1113, 1116-17 (N.D. Ind. 1992) *citing e.g., Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984); *see also Davis v. Browner*, 113 F. Supp.2d 1223, 1226 (N.D. Ill. 2000) ("The [ninety-day] time limit is not flexible, even for pro se litigants, and a one-day delay is fatal"); *Wilson v. Doctors Hospital of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (same).

The EEOC sent Lewis his notice of right to sue on September 22, 2006 (Notice of Right to Sue). Lewis's notice of right to sue states that: "Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost[.]" (emphasis in original) (*id*). The law presumes that Lewis received the notice of right to sue within five days of its mailing. *See Ungeran v. Commonwealth Edison*, 2001 WL 1035181, *2 (N.D. Ill. Sep. 7, 2001) *citing Lody v. Sullivan*, 882 F.2d 218 (7th Cir. 1989) (applying the presumption that the right to sue letter was received five days after it was issued).[3] Lewis waited until April 10, 2007, 200 days after his notice of right to sue was mailed, to file his complaint. Consequently, Lewis's complaint is time-barred and should be dismissed with prejudice. *See Alverno*, 744 F.2d at 1316-17 (7th Cir. 1984) (affirming dismissal of plaintiff's lawsuit for failure

---

[3] All electronically cited and/or unpublished cases are attached as Exhibit A.

to file complaint within ninety days after receiving notice of right to sue); *Davis*, 113 F. Supp.2d at 1226 (N.D. Ill. 2000) (dismissing plaintiff's lawsuit because she waited <u>twenty-seven days</u> after expiration of the ninety-day period to file her complaint); *Thomas v. UPS*, 2000 WL 290279, *2 (N.D. Ill. March 17, 2000) and *Wilson*, 909 F. Supp. at 581 (N.D. Ill 1996) (dismissing plaintiff's lawsuit because his complaint was filed <u>one day</u> after expiration of the ninety-day period); *Brown v. City of Chicago*, 1998 WL 704278, *3-4 (N.D. Ill. Sept. 30, 1998) (dismissing plaintiff's lawsuit because his complaint was filed <u>three days</u> after expiration of the ninety-day period).

To the extent Lewis argues that Title VII's ninety-day limitations period should be equitably tolled because his receipt of the notice of right to sue was delayed by his move from Illinois to Georgia, his argument fails. Lewis missed the mandatory filing deadline by 110 days, therefore a short, move-related delay in receiving the notice of right to sue would not make Lewis's complaint timely. Further, Lewis had an obligation to notify EEOC if his address changed, and his failure to do so prevents him from tolling Title VII's limitations period. *See Alverno,* 744 F.2d 1314, 1316-17 (7th Cir. 1984). Federal Regulation 29 C.F.R. § 1600.7(b) states: "The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1600.7(b). Additionally, Lewis signed his charge of discrimination and "checked" the box next to the statement "I will advise the agencies if I change my address" (EEOC Charge).

Lewis knew he had an obligation to notify EEOC if his address changed, and he knew how to effectuate a change of address. Lewis changed his address at least once during EEOC's

3

investigation because the address (2405 Saddle Creek, Peoria) where Lewis's notice of right to sue was sent is different than the address (4502 West Rockwell, Peoria) listed on Lewis's charge (EEOC Charge and Notice of Right to Sue). If Lewis no longer lived at the address where EEOC sent his notice of right to sue, then he should have notified EEOC. Lewis's failure to notify EEOC prevents him from tolling the limitations period, and his complaint should therefore be dismissed because it was filed outside of Title VII's ninety-day limitations period. *Alverno,* 744 F.2d 1314, 1316-17 (7th Cir. 1984); *see Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005) (affirmed the dismissal of plaintiff's claim and held that plaintiff's "negligence in failing to apprise the EEOC of his change of address does not toll the period of limitations"); *Day v. Lincoln Ins. Co.*, 1 Fed.Appx. 521, 524 (7th Cir. 2000) (plaintiff's "delay in informing the EEOC of his correct address caused the delay in his actual receipt of the right to sue letter, and he thus cannot claim the benefit of equitable tolling"); *Trask v. Foster, et al.*, 124 F.3d 205, *1 (7th Cir. 1997) (same); *Simmons v. Ill. Dep't of Mental Health & Developmental Disabilities*, 74 F.3d 1242, *2-3 (7th Cir. 1996) (same).

## II.   Lewis's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(5) Because Service Of His Summons And Complaint Was Untimely.

Fed. R. Civ. P. 4(m) states that "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice[.]" On April 10, 2007, Lewis filed a complaint against Caterpillar. On August 9, 2007, 121 days after Lewis filed his complaint, a United States Marshal served Caterpillar with a summons and a copy of Lewis's complaint (Summons). During the time period between the filing of Lewis's complaint and service of process, Lewis neither attempted to effect service of process, nor did he seek an extension of time to effect service.

4

Contrary to the purpose of timely filing required by Title VII and Rule 4, Lewis is attempting to commence this action eleven months after being issued a notice of right to sue. Lewis's complaint should be dismissed because he missed Title VII's ninety-day filing requirement and Rule 4(m)'s mandatory service deadline. Fed. R. Civ. P. 4(m); *see Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998) (court dismissed plaintiff's complaint where it was served outside the 120 days provided by Rule 4(m)); *Del Raine v. Williford,*, 32 F.3d 1024, 1030-31 (7th Cir. 1994) (court explained that plaintiff, not the Marshal, was responsible for effecting service and then dismissed plaintiff's complaint for failing to effect service within 120 days ); *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1994) (court dismissed plaintiff's complaint where his repeated attempts by mail failed to effect service within the requisite 120 days).

## CONCLUSION

Based on the foregoing, Caterpillar respectfully requests that the Court dismiss Lewis's complaint with prejudice and enter a judgment in favor of Caterpillar.

    Respectfully submitted,

    CATERPILLAR INC.

    /s/ Jason M. Torres

Joseph S. Turner
Jason M. Torres
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

August 29, 2007

5

CH1 11295530.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2007, I electronically filed the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system and mailed a copy postage prepaid to the following:

>Asa Lewis
>1581 Gallup Drive
>Stockbridge, GA 30281

                    /s/Jason M. Torres

August 29, 2007

CH1 11295530.1