E-FILED
Wednesday, 12 September, 2007 11:21:36 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DITRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ASA S. LEWIS, SR. ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> V. ) <br> ) <br> ) <br> CATERPILLAR, INC ) <br> ) <br> Defendant, ) <br> ) | Case No. 07-1086 <br> McDade/Gorman |

### PLAINTIFF'S RESPONSE TO DEFENDANTS
### MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO DISMISS

Plaintiff Asa S. Lewis, Sr., Pro Se, ("Plaintiff") moves this court to deny the Defendant's motion to dismiss compliant to Fed. R. Civ. P. 12(b)(5) and (6), and Local Rule 7.1. In support of this response to Defendant's motion, Plaintiff responds:

### RESPONSE TO INTRODUCTION

On September 22, 2006, the Equal Employment Opportunity Commission ("EEOC") did mail out a dismissal and notice of right to sue. (Compl. 1B7). The notice of right to sue was sent by certified mail to 2405 Saddlecreek Dr, Peoria, Il. (Notice of Right to Sue). However, the certified notice of right to sue was not received by the Plaintiff. After the Plaintiff contacted the EEOC, the EEOC re-sent the notice of right of sue on January 10, 2007 to 1581 Gallup Dr, Stockbridge, GA. On April 10, 2007, within 90 days after actual receipt of notice of right to sue, the Plaintiff filed a complaint against Caterpillar, Inc., alleging violations of Title VII of the Civil Rights Act of 1964. ("Title VII") (Compl. IV). Plaintiff effected service of summons on Caterpillar, Inc within the allotted 120 days required by law. Therefore, the Plaintiff's complaint should not be

dismissed because it is not time-barred. Respectfully, the Defendant's motion to dismiss should be denied.

## RESPONSE TO ARGUMENT

I. **Defendants Motion To Dismiss Should Be Denied On The Basis of Equitable Tolling**

The Defendant contends that the Plaintiff's complaint was untimely filed and well in excess of the ninety-day limitation period required for a civil action alleging a violation of Title VII. According to the Defendant, the 90 day period began from the September 22nd date that the EEOC issued the dismissal and notice of right to sue. The Defendant's contention stems from the fact that it was the Plaintiff's responsibility to effectuate an address change with the EEOC but did not do so. The Defendant argues this point despite the fact that they, themselves acknowledge that the Plaintiff was not only well aware of how to effectuate an address change but that he checked the box stating that he was aware of said responsibility when he filed his charge and that he made at least one address change during the EEOC"S investigation. The Defendant is correct, in that the Plaintiff did effectuate an address change with the EEOC. However, the change of address was from 2405 Saddlecreek Dr. McDonough Ga. to 1581 Gallup Dr. Stockbridge Ga., not 2405 Saddlecreek Dr. Peoria Il. From 4502 W Rockwell Dr. Peoria Il. The Plaintiff was living at the 4502 W Rockwell Dr. Peoria Il. address when this charge was originally filed with the Illinois Department of Human Rights ("IDHR") in Springfield Il. During the IDHR investigation, the Plaintiff moved from the 4502 W. Rockwell Dr. Peoria Il. address to 2405 Saddlecreek Dr. McDonough Ga. and appropriately notified the IDHR of the address change. This is evidenced by attached correspondence directly from

Krista Sherrock, the investigator of the IDHR claim, to the plaintiff's updated address. (Exhibits A and B) The Plaintiff asked that the charge be transferred from the IDHR to the EEOC for further investigation. During the EEOC's investigation, the Plaintiff moved from the 2405 Saddlecreek Dr. McDonough Ga. address to the 1581 Gallup Dr. Stockbridge Ga. address and promptly and correctly notified Cathleen Leaver the investigator of the EEOC's claim of the address change. The Plaintiff has never resided at a 2405 Saddlecreek Dr. in Peoria Il. and has no knowledge if such an address even exists. Ms. Leaver errored by not placing the EEOC's dismissal and notice of right to sue in the mail to the correct and updated address but also incorrectly addressing the previous address on file. Had Ms. Leaver placed the EEOC's dismissal and notice of right to sue in the mail at least to the correct previous address, a notice would have been forwarded to the Plaintiff's 1581 Gallup Dr. Stockbridge Ga. address considering that the Plaintiff appropriately requested that his mail be forwarded to his new address with the United States Postal Service. The Plaintiff was unaware that a dismissal and notice of right to sue was sent, 1.) because it was sent to the wrong address, 2.) until he, himself contacted the EEOC for a status update on his claim and found out that a dismissal and notice of right to sue had been sent and to an incorrect address. The Plaintiff requested that the dismissal and notice of right to sue be sent to the correct address on file and filed a complaint with the District Director of the EEOC, John P. Rowe regarding the error. On January 10th 2007, the EEOC mailed out a copy of the dismissal and notice of right to sue to the correct address. Because the Plaintiff could not have been expected to receive the notice of right to sue due of the address errors made by the EEOC, the 90 day period began when the Plaintiff actually received the dismissal and notice of right to sue. "The

statutory period is not a jurisdictional requirement but a requirement that is subject to equitable tolling." Zipes v Trans World Airlines, Inc. 455 U.S. 385,393 (1982). "Equitable tolling applies when disability, irremediable lack of information, or other circumstances beyond the party's control makes it impossible for a party to file suit within the statutory period." Miller v Runyon, 77 F.3d 189, 191 (7th Cir. 1996) "The statutory period for filing is tolled until the party is able through the exercise of due diligence to file suit." Jones v Madison Service Corp., 744 F.2d 1309, 1314 (7th Cir. 1984) The Plaintiff acted with due diligence and did every thing within his control to ensure that his information was current and correct with the EEOC's investigator and should not be penalized as such. The Defendant cited several cases related to the 90 day filing period such as, Day v Lincoln Ins. Agency Inc., Brown v City of Chicago, Trask v Foster, and Simmons v Illinois Dept of Mental Health and Developmental Disabilities. In these cases, the Courts granted or upheld a granting of dismissal based on the untimely filing of notice of right to sue due to the fault of the Plaintiff. In this case however, the Plaintiff was not at fault and equitable tolling applies and therefore the motion to dismiss should be denied.

II.   **Plaintiff's Compliant Should Not Be Dismissed Pursuant Fed. R. Civ. P. 12(b)(5) Because Plaintiff Effected Service Of His Summons Within The Allotted Time**

The Plaintiff acknowledges that he is allowed 120 days after filing his complaint to serve the complaint on the defendant. The Plaintiff utilized the 120 day period to attempt to

obtain counsel to represent him this matter. While searching for an attorney, the Plaintiff worked closely with the US District Court Clerk to ensure that all proper procedures and constraints were met and no deadlines were missed. The US District Court advised the Plaintiff on the appropriate process to effect service of the complaint on the Defendant. In reviewing the options for service, the US District Court Clerk informed the Plaintiff that the Peoria County Sheriff's Department performs this service. The Plaintiff contacted the Peoria County Sheriff's Department a full 30 days prior to the end of the 120 day service period to discuss the process to have the Defendant served. The Peoria County Sheriff's Deputy communicated the requirements, cost, and timeliness of serving the complaint on the Defendant. The Plaintiff indicated that he would be traveling to Peoria to effect the service of the complaint on the Defendant on August 8th, 2007 and that date represented the 120th day allotted for service. The Plaintiff asked if the complaint would be served on that day. The Sheriff's Deputy informed the Plaintiff that because the Defendant, Caterpillar, Inc was located in very close proximity that someone would walk it over the same day and that the service would be effected and served by 5:00 on August 8th. The Plaintiff traveled to Peoria on August 8th, 2007. He picked up a stamped and certified copy of his complaint from the US District Court Clerk and walked it to the Peoria County Courthouse to have service effected on the Defendant. The Plaintiff reiterated his concern with having the complaint served today and was again assured by the Deputy that service would be made by 5:00 that same day. As the Sheriff's Department is responsible for actually performing the service process, the Plaintiff had no reason to doubt the validity of the assurances provided by the Sheriff's Deputy regarding the timing of the service. Had the Sheriff's Deputy at anytime relayed

to the Plaintiff that service could not be performed on that day, the Plaintiff would have had time to seek another private service provider. The Plaintiff detrimentally relied upon the information provided by the Sheriff's Department that the complaint "would be walked over today". If they held to their assurance, the complaint would have been served on August 8th, 2007 (the same day that service was effected). The Plaintiff made a good faith effort to comply to the rules and regulations related to the service of the complaint on the Defendant. The Plaintiff initiated and attempted to effect the service of process on the August 8th, 2007 which was within the 120 day time limitation. According to Fed. R. Civ. P. 4(m), if the service of summons and complaint is not made upon the Defendant within 120 days after filing the complaint... the court may direct that service be effected within a specified timeframe provided that the Plaintiff showed good cause for the failure. The court shall extend the time for service for an appropriate period. The Plaintiff acted in good faith in an effort to follow the procedure and conform to the Rule.

## CONCLUSION

Based on the above response, the Plaintiff respectfully prays that the court deny the Defendant's Motion to Dismiss.

Respectfully Submitted,

Asa S. Lewis, Sr. Pro Se
1581 Gallup Dr.
Stockbridge, GA. 30281
(770)506-9297 Home
(309) 453-6260 Cell
(404)200-8123 Cell

# ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

January 12, 2005

Mr. Asa S. Lewis
2405 Saddlecreek Drive
McDonough, GA 30253

Re:   Charge No. 2005SF0318

Dear Mr. Lewis:

Pursuant to a recent amendment to the Illinois Human Rights Act the Department's investigation of the above referenced charge must be completed within 365 days after the date the charge was filed perfected. If the investigation is not completed by the time designated by the Act, the Department must cease its investigation and Complainant will have the right to file a complaint directly with the Illinois Human Rights Commission.

If both parties extend the Department's time limit for investigation, an investigation can still be completed on this charge. This extension will give the Department more time to complete the investigation.

The Department requests that you sign the enclosed extension form and return it to my attention as soon as possible, so that we can complete the investigation. If you do not wish to sign the extension form, please let me know as soon as possible so the Department may take appropriate action.

If you have any questions about this procedure, feel free to call me at (217) 785-5107.

Sincerely,

*Krista G. Sherrock*
Krista G. Sherrock
Investigator
Charge Processing Division

KGS/kjb

Enclosure
EXTENS.LTR/CPFORMS 9/97



222 College Street
Room 101
Springfield, Illinois 62704



Ms. Asa S. Lewis
2405 Saddlecreek Drive
McDonough, GA 30253

# CERTIFICATE OF SERVICE

I hereby certify that on September 11th 2007, I deposited a copy of the foregoing Plaintiff's Response To Defendant's Motion To Dismiss And Memorandum Of Law And Support Of Its Motion To Dismiss via certified mail to the following:

Jason M. Torres
Seyfarth Shaw
131 South. Dearborn St.
Suit 2400
Chicago Il. 60603-5577

As evidenced by the attached certification receipt

EQ 997277068 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE

**Customer Copy**
Label 11-B, March 2004

**Post Office To Addressee**

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | AM/PM | Employee Signature |
|---|---|---|---|
| Mo.    Day | | | |
| Delivery Attempt | Time | AM/PM | Employee Signature |
| Mo.    Day | | | |
| Delivery Date | Time | AM/PM | Employee Signature |
| Mo.    Day | | | |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No

Federal Agency Acct. No or Postal Service Acct. No.

☐ WAIVER OF SIGNATURE *(Domestic Mail Only)* Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

**NO DELIVERY**
☐ Weekend    ☐ Holiday

Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Day of Delivery | Postage |
|---|---|---|
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| | Month    Day | $ |
| Mo.  Day  Year | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| Time Accepted ☐ AM | ☐ Noon ☐ 3 PM | $ | $ |
| ☐ PM | Military | Total Postage & Fees |
| Flat Rate ☐ or Weight | ☐ 2nd Day ☐ 3rd Day | $ |
| | Int'l Alpha Country Code | Acceptance Emp. Initials |
| lbs    ozs. | | |

FROM: (PLEASE PRINT)    PHONE (    )

TO: (PLEASE PRINT)    PHONE (    )

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call **1-800-222-1811**

EMS



PLAINTIFF: ASA LEWIS
FILE NO. 07-07701      CASE NO. 07-00-01086

NOT SERVED BECAUSE _____

PARTY SERVED: INC. CATERPILLAR

FEE MUST BE PAID BY 3 DAYS BEFORE COURT DATE
SERVICE FEES ARE 16.83    DATE ISSUED 08/09/2007
UPON RECEIPT OF THIS NOTICE, REMIT TO
SHERIFF'S OFFICE • RM B-20 COURTHOUSE • PEORIA, IL 61602

TO    ASA LEWIS SR
      1581 GALLUP DR
      STOCKBRIDGE GA 30281

07-07701
07-00-01086