**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| ASA S. LEWIS, ) | |
| ) | |
| Plaintiff, ) | No. 07-cv-1086 |
| ) | |
| v. ) | |
| ) | |
| CATERPILLAR, Inc., ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N   A N D   O R D E R

Before the Court is a Motion to Dismiss [Doc. 8] and accompanying Memorandum [Doc. 9] filed by Defendant, Caterpillar, Inc. Plaintiff is proceeding pro se and has filed a Response. [Doc. 13.] For the following reasons, the Motion to Dismiss is Denied.

Plaintiff has brought a claim alleging that he was wrongfully terminated from Caterpillar. On September 22, 2006, a dismissal and a notice of right to sue (the "Notice") was sent to Plaintiff by the Equal Opportunity Employment Commission ("EEOC"). On April 10, 2007, 200 days after the Notice was mailed, Plaintiff filed his Complaint against Caterpillar. He then waited an additional 121 days before serving Caterpillar with the Complaint.

Caterpillar has now moved to dismiss the Complaint because (1) the Complaint was served more than 120 days after being

filed, and (2) the Complaint was filed more than ninety days after the receipt of the right to sue. Neither argument prevails at this stage.

Defendant argues that Plaintiff failed to serve Defendant within 120 days of filing his claim as required by Federal Rule of Civil Procedure 4(m). Specifically, Plaintiff served Defendant 121 days after the claim was filed in this Court.

Plaintiff states that he traveled to Peoria on August 8th, 2007 – the last day he could have served process within the 120 day limit. He picked up a certified copy of his Complaint and he delivered it to the Peoria County Sheriff's Department for them to effectuate service. The Sheriff's Department indicated that they could serve process the same day because Caterpillar's corporate headquarters was directly across the street from the Sheriff's Department. While Plaintiff indicated the importance of having it served the same day, the Sheriff's Department did not serve Caterpillar until the next day.

A district court may, in its discretion, grant an extension of time for service even after a party has filed service if a party has shown good cause or excusable neglect. Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340-41 (7th Cir. 1996). Plaintiff has not shown "good cause" for the delay which is typically demonstrated by a defendant that is evading service. Geiger v. Allen, 850 F.2d 330, 333 (7th Cir.1988).

However, Plaintiff has shown "excusable neglect" which is a legitimate ground for denying a motion to dismiss file under Rule 4(m).  Coleman v. Milwaukee Bd. Of School Directors, 290 F.3d 932 (7th Cir. 2002).  Courts have permissibly allowed a one day extension under similar circumstances.  See Chapman v. DaimlerChrysler Corp., 00 C 50250, 2001 WL 908952 (N.D. Ill. July 26, 2001).  Accordingly, this Court will not dismiss Plaintiff's claim because he was one day late for serving process.

Defendant's second argument raises greater concerns for this Court.  Typically, a plaintiff must file suit within ninety days of receiving the notice of rights from the EEOC. 42 U.S.C. § 2000e-5(f)(1).  Plaintiff filed his claim 200 days after the original Notice was sent, but Plaintiff argues that he is entitled to an equitable tolling because the original notice from the EEOC was delivered to the wrong address.

According to Plaintiff, he was living at 4502 West Rockwell Drive, Peoria, Illinois, when his charge was originally filed with the Illinois Department of Human Rights ("IDHR").  During the IDHR investigation he moved to 2405 Saddlecreek Drive, McDonough, Georgia, and notified the IDHR of his address change. Around this time, Plaintiff asked that his claim be transferred to the EEOC for further investigation.  During the EEOC investigation, Plaintiff moved again to 1581 Gallup Drive,

Stockbridge, Georgia and, according to Plaintiff, notified the EEOC of his second change of address.

The EEOC apparently did not mail Plaintiff his Notice to any of these addresses, but instead mailed the notice to 2405 Saddlecreek Drive, in Peoria, Illinois, instead of McDonough, Georgia.  According to Plaintiff, the EEOC made the error while Plaintiff took all the necessary steps to make sure he received the notice and as a result he should be entitled to an equitable tolling.  Plaintiff eventually contacted the EEOC regarding the status of his case and the EEOC resent the notice on January 10, 2007 – 89 days before Plaintiff ultimately filed his Complaint.

The EEOC allegedly committed two different errors in this case.  First, the EEOC incorrectly wrote down his second address as 2405 Saddlecreek Drive, Peoria, Illinois.  This seems entirely possible because this address combines Plaintiff's second street address with his first city and state address.

Next, the EEOC allegedly ignored Plaintiff's notification that he had moved again to 1581 Gallup Drive, Stockbridge, Georgia.  This is the error that concerns the Court.  A plaintiff must take reasonable steps to ensure the actual receipt of the right-to-sue letter.  <u>St. Louis v. Alverno College</u>, 744 F.2d 1314 (7th Cir. 1984).  In circumstances such as this, the law imposes an affirmative duty upon a claimant to give direct, explicit notice of an address change.  29 C.F.R. §

1601.7(b). Furthermore, a claimant must come forward with evidence at the summary judgment stage that the plaintiff complied with the requirement to notify the EEOC of his change of address. See Alverno, 744 F.2d at 1316-17; Alexander v. Unified School District # 259, Sedgwick County, State of Kansas, 92-1550-PFK, 1993 WL 544279 (D.Kan. Dec. 30, 1993).

In this case, it seems unlikely that the EEOC made two separate errors and Plaintiff will need to come forward with evidence that he sent a notice regarding his second change of address. However, this case is not currently at the summary judgment stage and a dismissal at this time would be premature. A complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted, Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996), and evidence could still show that Petitioner took all necessary steps. In which case, Petitioner would be entitled to equitable tolling. Hamilton v. RDI/Ceasars Riverboat Casino, LLC, 179 F.Supp.2d 929 (S.D. Ind. 2002). While it seems unlikely that the EEOC made not one but two mistakes regarding Plaintiff's address, it is still possible. Accordingly, additional discovery is needed to resolve this issue.

Plaintiff is warned though that if he does not voluntarily dismiss his claim and he is not able to come forward with

evidence that he notified the EEOC of his change of address, this Court could enter summary judgment against him at a later stage. If this occurs, Plaintiff could be liable for costs under 28 U.S.C. § 1924 and Federal Rule of Civil Procedure 54(d). Furthermore, if Plaintiff pursues this claim and there is no evidentiary basis for the claim, Plaintiff could be subject to civil sanctions and monetary penalties under Federal Rule of Civil Procedure 11. Accordingly, Plaintiff should proceed with caution.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss is DENIED. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this  8th  day of February, 2008.

                                         s/Joe Billy McDade
                                         Joe Billy McDade
                               United States District Judge