# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ASA S. LEWIS, SR.  )<br>　)<br>　　Lewis, )<br>　)<br>v. )<br>　)<br>CATERPILLAR INC. )<br>　)<br>　　Defendant. )<br>　) | Case No. 07-1086<br>McDade/Gorman |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant CATERPILLAR INC. ("Caterpillar") submits its answer and affirmative defenses to Plaintiff ASA S. LEWIS'S ("Lewis") complaint as follows:

**COMPLAINT ¶ I.A.**

PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION (EEOC)

Have you filed a charge before the federal Equal Employment Opportunities Commission (EEOC) relating to this claim of employment discrimination? Yes.

**ANSWER:**

Caterpillar admits the allegations in paragraph I.A.

**COMPLAINT ¶ I.B.1.:**

If your answer is YES, describe the EEOC proceeding:

Parties to the previous EEOC proceeding:

Petitioner(s) Asa S. Lewis, Sr.

Respondent(s) Caterpillar, Inc.

**ANSWER:**

Caterpillar admits the allegations in paragraph I.B.1.

CH1 11426381.2

**COMPLAINT ¶ I.B.2.:**

Location of EEOC office that handled your charge Chicago, Illinois.

**ANSWER:**

Caterpillar admits the allegations in paragraph I.B.2.

**COMPLAINT ¶ I.B.3.:**

Docket or case number of your charge: 21B-2004-02835.

**ANSWER:**

Caterpillar admits the allegations in paragraph I.B.3.

**COMPLAINT ¶ I.B.4.:**

Disposition (what was the final result of your charge): Notice of right to sue - no conclusion finding.

**ANSWER:**

Caterpillar admits that the EEOC issued Lewis a Notice of Right to Sue and that the EEOC was unable to conclude that the information obtained from its investigation establishes violations of the applicable statutes. Caterpillar denies the remaining allegations in paragraph I.B.4.

**COMPLAINT ¶ I.B.5.:**

Has EEOC written you a right-to-sue letter (telling you that you have the right to sue in a United States District Court if you are dissatisfied with the disposition of your charge)? Yes.

**ANSWER:**

Caterpillar admits the allegations in paragraph I.B.5.

**COMPLAINT ¶ I.B.6.:**

Date of filing charge before EEOC.

**ANSWER:**

Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph I.B.6.

**COMPLAINT ¶ I.B.7.:**

Date of disposition by EEOC: 9/22/06.

**ANSWER:**

Caterpillar admits the allegations in paragraph I.B.7.

**COMPLAINT ¶ I.C.:**

Attach copies of all documents you possess relating to the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

**ANSWER:**

Caterpillar denies that Lewis attached copies of documents that he possessed relating to the EEOC proceeding, including his Right-to-Sue letter.

**COMPLAINT ¶ II.A.:**

PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC

Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination? Yes. IDHR.

**ANSWER:**

Caterpillar admits the allegations in paragraph II.A.

**COMPLAINT ¶ II.B.1.:**

If your answer is YES, describe each legal proceeding:

Parties to the previous legal proceeding: Lewis(s) or petition(s) Asa S. Lewis, Sr.

Defendant(s) or respondent(s) Caterpillar, Inc.

**ANSWER:**

Caterpillar admits the allegations in paragraph II.B.1.

**COMPLAINT ¶ II.B.2.:**

Name of court or agency: IDHR.

**ANSWER:**

Caterpillar admits the allegations in paragraph II.B.2.

**COMPLAINT ¶ II.B.3.:**

Docket or case number.

**ANSWER:**

Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph II.B.3.

**COMPLAINT ¶ II.B.4.:**

Name of the judge or hearing officer: Krista Sherlock - investigator.

**ANSWER:**

Caterpillar admits that Krista Sherrock investigated the charge of discrimination that Lewis filed with the IDHR. Caterpillar denies all remaining allegations in paragraph II.B.4.

**COMPLAINT ¶ II.B.5.:**

Disposition (for example: Was the case dismissed? Who won? Was there an appeal? Is the appeal pending or final? Case transferred to the EEOC.

**ANSWER:**

Caterpillar admits that Lewis requested that his charge of discrimination be transferred to the EEOC for investigation and that the EEOC completed the investigation.

**COMPLAINT ¶ II.B.6.:**

Date of beginning previous proceeding: 8/4/04

**ANSWER:**

Caterpillar admits the allegations in paragraph no. II.B.6.

**COMPLAINT ¶ II.B.7.:**

Date of disposition of proceeding:

**ANSWER:**

Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph II.B.7.

**COMPLAINT ¶ II.C.:**

Have you attached separate sheets regarding previous state, local or federal legal proceedings (other than EEOC)? No.

**ANSWER:**

Caterpillar admits the allegations in paragraph II.C.

**COMPLAINT ¶ III.A.1.:**

PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION

Lewis(s)

Your full name: Asa Sebastian Lewis, Sr.

**ANSWER:**

Caterpillar admits the allegations in paragraph III.A.1.

**COMPLAINT ¶ III.A.2.:**

Your address: 1581 Gallup Dr., Stockbridge, GA 30281.

**ANSWER:**

Caterpillar admits the allegations in paragraph III.A.2.

**COMPLAINT ¶ III.A.3.:**

Names and addresses of other plaintiffs, if any (You should name other plaintiffs only if they were petitioners with you in a previous EEOC proceeding, or else if EEOC began a previous proceeding on behalf you and them): N/A.

**ANSWER:**

Caterpillar admits the allegations in paragraph III.A.3.

**COMPLAINT ¶ III.B.:**

Have you attached a separate sheet naming other plaintiffs?  No.

**ANSWER:**

Caterpillar admits the allegations in paragraph III.B.

**COMPLAINT ¶ III.C.1.:**

Defendant(s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

Full name (individual or firm):  Caterpillar, Inc., 100 N.E. Adams St., Peoria, IL.

**ANSWER:**

Caterpillar admits the allegations in paragraph III.C.1.

**COMPLAINT ¶ III.C.2.:**

Business address:  100 N.E. Adams St., Peoria, IL  61629.

**ANSWER:**

Caterpillar admits the allegations in paragraph III.C.2.

**COMPLAINT ¶ III.C.3.:**

Job position (if individual).

**ANSWER:**

Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph III.C.3

**COMPLAINT ¶ III.C.4.:**

Status as an entity (if defendant is a business firm):  Corporation.

**ANSWER:**

Caterpillar admits the allegations in paragraph III.C.4.

CH1 11426381.2

**COMPLAINT ¶ III.C.5.:**

Names, business addresses, and job position or entity status of other defendants, if any (you should name additional defendants only if they were named as respondents in a previous EEOC proceeding brought by you or on your behalf):

**ANSWER:**

Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph III.C.5.

**COMPLAINT ¶ III.D.:**

Have you attached a separate sheet naming other defendants? No.

**ANSWER:**

Caterpillar admits the allegations in paragraph III.D.

**COMPLAINT ¶ IV.A.:**

STATEMENT OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

Were you: Discharged? Suspended?

**ANSWER:**

Caterpillar admits that Lewis was suspended and discharged.

**COMPLAINT ¶ IV.B.:**

State here as briefly, concisely and clearly as possible the essential facts of your claim. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. Include precisely how each defendant in this action is involved. Include the names of other persons involved who are not defendants; give dates and place. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you. IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND. AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

I was employed at Caterpillar, Inc. where two of my co-worker called me nigger and other inappropriate name as well as physically abused me on a regular basis. I attempted to resolve this manner by asking them to stop because it hurt and I did not play like that. They would not stop so I went to my supervisor who he himself witnessed some of their name calling and abuse first hand and still did nothing about it. I went to the local union, my superintendent and to other foreman as well as to HR reps. who assured me they would take of it but did not.

My Foreman, Superintendent and HR then mislead or misrepresented my attendance record and fired me for bad attendance instead of dealing with the discrimination itself.

**ANSWER:**

Caterpillar admits that Lewis's employment at Caterpillar was terminated. Caterpillar also admits that on one occasion, Lewis complained about his co-workers' alleged conduct. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of whether: Lewis's co-workers called him a nigger and other inappropriate names; he attempted to resolve this matter by asking them to stop; he complained to the local union and/or what the local union's response was to his alleged complaint. Caterpillar denies all remaining allegations in paragraph IV B.

**COMPLAINT ¶ V.:**

RELIEF YOUR REQUEST

Check below what you want the court to do for you. You may make as many checks as you like.

Should you prevail in this lawsuit, award you back pay.

Should you prevail in this lawsuit, award you certain costs of suit (but not attorneys fees).

Other. Disciplinary action to be taken against discriminating parties (Foreman, Superintendent, HR reps.).

**ANSWER:**

Caterpillar admits that should Lewis prevail in this lawsuit, he is requesting back pay, certain costs of the suit (but not attorneys' fees), and disciplinary action taken against the allegedly discriminating parties (Foreman, Superintended, HR reps), but it denies it has incurred any liability to Lewis.

**COMPLAINT ¶ VI.:**

JURY DEMAND. YES.

**ANSWER:**

Caterpillar admits the allegations in paragraph VI.

**AFFIRMATIVE DEFENSES**

1. Lewis's claims are barred to the extent that he has failed to meet the statutory and/or jurisdictional prerequisites to suit.

2. Lewis's claims are barred to the extent that he seeks to base his claims on events occurring more than 300 days from the date he filed his EEOC charge (August 4, 2004).

3. Lewis's claims are barred to the extent relief is sought for actions outside the scope of his EEOC charge.

4. Lewis's claim for equitable relief in the form of back pay is barred to the extent that he failed to mitigate his damages.

5. Lewis's race discrimination, harassment, and/or disability claims are barred because Caterpillar exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior and Lewis unreasonably failed to take advantage of any preventive or corrective opportunities provided by Caterpillar or to avoid harm otherwise. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)

6. To the extent Lewis seeks punitive damages, his claim for punitive damages is barred by Caterpillar's good faith efforts to comply with all applicable anti-discrimination laws. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526, 528 (1999).

WHEREFORE, Caterpillar denies that Lewis is entitled to the relief requested in the complaint or to any relief whatsoever, and requests that the complaint be dismissed in its entirety with prejudice, that judgment be entered for Caterpillar, and that Caterpillar be awarded its costs, attorney's fees, and any other relief as the Court deems appropriate.

        Respectfully submitted,

        CATERPILLAR INC.


By: <u>Jason M. Torres</u>
    One of Its Attorneys

Jason M. Torres
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

March 5, 2008

**CERTIFICATE OF SERVICE**

Jason M. Torres, an attorney, do hereby certify that on this day 5th of March 2008, I electronically submitted the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Asa S. Lewis, Sr.
> 1581 Gallup Dr.
> Stockbridge, GA  30281

Jason M. Torres

CH1 11426381.2