**E-FILED**
Tuesday, 02 September, 2008  04:41:57 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| ASA S. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-1086 |
| | ) | |
| CATERPILLAR INC., a foreign corporation, | ) | McDade/Gorman |
| | ) | |
| Defendant. | ) | |
| | ) | |

### AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(1), it is hereby ordered that:

Plaintiff Asa S. Lewis and Defendant Caterpillar Inc. ("Caterpillar"), by its attorney of record, hereby stipulate as follows:

1.      The purpose of this Agreed Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information.  All information protected by this Order will be referred to as "Confidential Information."  Confidential Information is defined as employees' and former employees' (including Plaintiff's):

(a)      earnings information, tax information, medical records and information (including psychotherapy records and information), EAP records, beneficiary information, financial information, social security numbers, offer letters, dismissal letters, performance reviews, and disciplinary documents;

(b)      non-publicly available documents or information regarding any charge or allegation of discrimination from any current or former employee of Caterpillar;

(c)      non-publicly available documents or information relating to the conduct of Caterpillar's business of a sensitive or proprietary nature, including trade secrets, operational details, finances, and Caterpillar's business and marketing strategies.

2

2.     Documents that contain Confidential Information shall be designated and marked as "Confidential." To the extent that any document containing Confidential Information is exchanged during discovery without being marked "Confidential," the parties will identify such Confidential Information by Bates number.

3.     Confidential Information shall not be used for any purpose other than prosecuting or defending the above-captioned action and shall be disclosed only to the persons identified in Paragraph 4 below.

4.     Confidential Information shall be maintained in confidence by the receiving party and shall not be disclosed to any person except:

a.     The parties' attorneys (including in-house counsel), and those with a need to know within Caterpillar;

b.     the Court;

c.     employees of the parties' attorneys;

d.     witnesses or potential witnesses may review their own records, records that refer specifically to them, and any Confidential Materials that they prepared or which were distributed to them in the normal course of Caterpillar's business; and

e.     expert witnesses or consultants expressly employed or retained by the attorneys or a party to this litigation to whom it is necessary to disclose Confidential Materials for the purpose of prosecuting or defending this litigation.

5.     Any person or entity to whom Confidential Information is disclosed in accordance with this Protective Order should be given a copy of this Order and is hereby advised that they may use Confidential Information solely in connection with the prosecution or defense of this litigation, and are hereby ordered that they shall not disclose such Confidential Information to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Protective Order.

6.      Confidential Information may be used in all pre-hearing discovery proceedings, such as depositions, and any documents containing Confidential Information may be filed with the Court as necessary in the normal course of litigating this action, such as in the form of exhibits to support or oppose summary disposition.  Documents containing Confidential Information also may be used in all other pre-hearing proceedings, at hearing, and on appeal of this case.

7.      Once a document containing Confidential Information is filed in the public record or is otherwise admitted as an exhibit during any hearing, the information contained in that document will no longer be considered "Confidential Information" for purposes of this Order.

8.      No filing under seal, or any other designation as a restricted document, is to be permitted of any document containing Confidential Information without previously-obtained Court approval.

9.      Within 60 days after the completion of this litigation (including the exhaustion of appeals), all Confidential Information , and all copies of documents containing Confidential Information, shall be returned to the producing party.

10.      Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his client and/or prosecuting or defending this case.

11.      This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action, nor does this Order constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

12.      The Court retains final authority to determine what is or is not "Confidential Information" and to remove the "Confidential" designation from any document governed by this Order as necessary to protect the public interest.

4

IT IS SO ORDERED.

ENTER:_____
                   United States District Judge Joe Billy McDade

Dated:_____

AGREED TO BY:


s/Asa S. Lewis
Plaintiff Asa S. Lewis


      s/Jason M. Torres
Attorney for Defendant Caterpillar Inc.

CH1 11541777.1